## CHARLES T. E. CLAPP *vs.* JOHN D. CLAPP.

Suffolk. March 5. — May 9, 1884. DEVENS & COLBURN, JJ., absent.

The original writ in an action, taken on appeal, by the defendant, from a municipal court to the Superior Court, was transmitted to the latter court. Upon the back of it was a memorandum of the amount of the judgment, made by the clerk of the municipal court. Neither counsel was aware that this memorandum was upon the writ, and the writ went to the jury without the attention of any one being called to it. The jury returned a verdict for the plaintiff. *Held.* that the defendant was not entitled, as of right, to a new trial.

TORT. At the trial in the Superior Court, before *Blodgett,* J., after a verdict for the plaintiff, the defendant moved for a new trial. The judge overruled the motion; and the defendant alleged exceptions. The facts appear in the opinion.

*Willard Howland,* for the defendant.

*W. H. Powers,* for the plaintiff.

MORTON, C. J. When a civil case is carried by appeal from the judgment of a trial justice to the Superior Court, the appellant is to produce in the Superior Court a copy of the record and of the papers in the case. When the appeal is from the judgment of a municipal, police, or district court, the clerk or justice is to transmit to the clerk of the Superior Court the original writ or process, and all papers filed in the case, and a brief certificate of the proceedings. Pub. Sts. c. 155, § 34; c. 154, §§ 40–43.

The case is tried in the Superior Court upon the copy or writ thus produced or transmitted, and such copy or writ necessarily goes to the jury when the case is submitted to them. It is the common, known custom for trial justices and clerks of the inferior courts to make brief memoranda of the proceedings upon the back of writs, to serve as the basis of the record when it is extended. It seems to us that it is the duty of the appellant in a civil case to see that the proper papers are sent to the Superior Court, and, if the copy or original writ transmitted contains any memoranda which the jury should not consider, to see that they are erased or covered up, or that the jury are instructed to disregard them.

In the case before us, the defendant appealed from the judgment of the Municipal Court of Boston. The original writ was

transmitted to the Superior Court. Upon the back of it was a memorandum of the amount of the judgment, made by the clerk of the Municipal Court. Neither counsel was aware that this memorandum was upon the writ, and the writ went to the jury without the attention of any one being called to it. The plaintiff was in no fault, and it would be unjust that he should be deprived of his verdict because of this memorandum upon the writ, even though the defendant was guilty only of inadvertence in failing to see that the papers he caused to be produced in the Superior Court were in proper form. The power in the Superior Court to grant a new trial, in its discretion, furnishes a sufficient protection to the substantial rights of both parties.

We are of opinion that, upon the facts of this case, if we assume that the memorandum was read by the jury, the defendant was not entitled, as of right, to a new trial, but that the granting or refusing it was within the discretion of the Superior Court.                                    *Exceptions overruled.*